24-559-cv
*Microbot Medical, Inc. v. Joseph Mona*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

MICROBOT MEDICAL, INC.,

*Plaintiff-Appellee,*

v.                                                                                           24-559-cv

JOSEPH MONA,

*Defendant-Appellant.**

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR APPELLEE:                                   MIRIAM TAUBER, Miriam Tauber Law PLLC, New York, NY (David Lopez, Law Office of David Lopez, Southampton, NY, *on the brief*).

FOR APPELLANT:                                  JONATHAN R. VOEGELE, Morris Kandinov LLP, New York, NY (Aaron T. Morris, Andrew W. Robertson, Morris Kandinov LLP, New York, NY; Nicolas Morgan, Investor Choice Advocates Network, Los Angeles, CA, *on the brief*).

Appeal from the March 5, 2024 order of the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Plaintiff-Appellee Microbot Medical, Inc. ("Microbot") brought an action under Section 16(b) of the Securities Exchange Act of 1934 seeking to recover short-swing profits after Defendant-Appellant Joseph Mona ("Mona") sold Microbot securities within a six-month period while owning more than 10% of the company's stock. *See* 15 U.S.C. § 78p(b). The district court granted Microbot's motion for judgment on the pleadings, as recommended by the assigned magistrate judge. *See Microbot Med., Inc. v. Mona*, No. 19-CIV-3782-GBD-RWL, 2021 WL 1192110, at *7 (S.D.N.Y. Mar. 30, 2021). Two years later, Mona filed a motion to vacate the judgment and to dismiss the case for lack of standing

2

under Article III of the Constitution, which the district court denied. Mona now appeals that decision.[1]

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only to explain our decision to affirm.

We review *de novo* the district court's denial of a Rule 12(b)(1) motion to dismiss for lack of constitutional standing. *See Packer ex rel. 1-800-Flowers.Com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 51 (2d Cir. 2024). In doing so, "we borrow from the familiar Rule 12(b)(6) standard, construing the complaint in plaintiff's favor and accepting as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

This Court has categorically held that "short-swing trading in an issuer's stock by a 10% beneficial owner in violation of Section 16(b) of the Securities Exchange Act causes injury to the issuer sufficient for constitutional standing." *Id.* at 180. In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court elaborated that the "concrete injury" sufficient to confer Article III standing must be a "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* at 427. Post-*TransUnion*, a question arose as to whether *TransUnion* abrogated *Donoghue*.

---

[1] Because we affirm the district court's decision on the merits, we need not address Microbot's timeliness arguments.

3

That question has since been answered by this Court's decision in *Packer*. There, we held that *Donoghue* remains good law, reaffirming its holding that "[t]he concrete injury that confers standing [on plaintiffs' Section 16(b) claims is] 'the breach by a statutory insider of a fiduciary duty owed to the issuer not to engage in and profit from any short-swing trading of its stock.'" *Packer*, 105 F.4th at 55 (quoting *Donoghue*, 696 F.3d at 180). In the instant case, the parties do not dispute that Microbot has satisfied the requirements for a Section 16(b) claim by showing that Mona was "a statutory insider" who "purchased and sold Microbot stock within a six-month period." *See Microbot*, 2021 WL 1192110, at *3. Accordingly, we are bound by our well-reasoned precedents in *Packer* and *Donoghue* and affirm the district court's denial of Mona's motion to dismiss for lack of Article III standing.

\*     \*     \*

We have considered Mona's remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4